UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DE LAGE LANDEN FINANCIAL SERVICES, INC.,

                Plaintiff,

        -v-

BOOKIT OPERATING LLC,
                Defendant.

21-CV-2519 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff De Lage Landen Financial Services Inc. ("DLL") brought this action against Bookit Operating LLC ("Bookit") alleging the breach of three contracts for the lease of equipment and software. (Dkt. No. 1 at ¶¶ 1–2.) DLL now moves for an entry of default judgment against Bookit in the amount of $197,688.93 — the outstanding aggregate principal sum — plus aggregate contract default interest in the amount of $50,410.67, aggregate late charges in the amount of $9,568.50, and the costs of this action in the amount of $402.00, for a total of $258,070.10. (*See* Dkt. No. 47-2 at 2.) For the reasons that follow, the motion is granted.

**I.    Background**

    The following background facts are taken from the complaint. (*See* Dkt. No. 1-1.) Bookit executed three lease agreements with DLL, one in September 2017 and two in April 2019, for equipment and software. (Dkt. No. 1-1 at ¶ 2.) The terms of the first lease contemplated that Bookit would remit five annual payments, plus taxes and fees, while the terms of the second two contemplated that Bookit would remit three annual payments. (Dkt. No. 1-1 at ¶¶ 14, 37, 58.) Bookit made only the first three payments on the first lease, and then defaulted

1

on the lease on November 1, 2020. (Dkt. No. 1-1 at ¶ 16.)[1] When Bookit ceased payment on the first lease, DLL exercised a contractual remedy and demanded the remaining payment due on all three leases, in addition to contractually imposed 18% interest accruing from the date of default and additional assorted fees. (Dkt. No. 1-1 at ¶¶17–24, 38–43, 59–64.) Thus, Bookit also paid only two of the three payments on the second two leases, as the date of default predated the date by which they were required to pay the final payment on those leases.

DLL filed this suit on March 24, 2021. (Dkt. No. 1). Bookit answered on July 9, 2021, and waived defenses based on service, jurisdiction, or venue. (*See generally* Dkt. No. 17.) On January 28, 2022, Bookit's attorney of record requested leave to withdraw from the case, which the Court granted on February 15, 2022, warning Bookit that if it did not retain new counsel within 30 days, DLL could file a motion for default for failure to defend. (Dkt. Nos. 30, 31, 33.) Bookit did not obtain new counsel. It also filed on the docket an assignment for the benefit of creditors in a different forum. (*See* Dkt. No. 32.) While this other proceeding did not stay this case, DLL informed the Court that Bookit's filing indicated that this case was no longer proceeding on a contested basis and that DLL intended to file a motion for default judgment. (*See* Dkt. No. 37.) DLL filed for default judgment on July 7, 2022, and served the supporting documents on Bookit by mail. (Dkt. Nos. 46, 47.)

## II. Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all

---

[1] In its answer, Bookit states that as an online travel booking agency, it was devastated by the COVID-19 pandemic and ceased operating. (Dkt. No. 17 at ¶¶ 76–78.)

of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quotation marks omitted). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). "To determine whether the plaintiff's allegations are well pleaded [for purposes of a default judgment], the Court applies the same standards that govern a motion to dismiss under [Rule] 12(b)(6)." *Conan Props. Int'l LLC v. Sanchez*, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing *Steginsky v. Xclera Inc.*, 741 F. 3d 365, 368 (2d Cir. 2014)).

Accordingly, the Court accepts the facts pleaded by DLL in its complaint as true. As to liability, DLL filed with its complaint the three leases at issue, along with the demand letter sent to Bookit after its default on the first lease. (Dkt. No. 1, Exs. A–G.) Bookit does not dispute the veracity of these documents, and states that they speak for themselves. (*See* Dkt. No. 17.) These documents, along with the facts as pleaded by DLL and Bookit's default, establish Bookit's liability as a matter of law. Therefore, DLL is entitled to the relief it seeks: a total of $258,070.10 in outstanding aggregate principal, interest, and fees.

### III.   Conclusion

For the foregoing reasons, DLL's motion for default judgment is GRANTED. DLL is awarded judgment against Bookit in the amount of $258,070.10. The Clerk of Court is directed to enter judgment accordingly.

The Clerk is respectfully directed to close the motion at Docket Number 47, enter judgment, and close the case. DLL is directed to serve a copy of this Order on Bookit.

SO ORDERED.

Dated: November 15, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge